**SIGNED.**

**Dated: April 29, 2010**



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| EUGENE A. BERTRAND and MARJORIE BERTRAND, | No. 4:08-bk-16713-JMM |
| Debtors. | Adversary No. 4:08-ap-00949-JMM |
| EUGENE A. BERTRAND and MARJORIE BERTRAND, | |
| Plaintiffs, | **MEMORANDUM DECISION** |
| vs. | |
| COUNTRYWIDE HOME LOANS INC., JPMORGAN CHASE BANK NA; and CHASE HOME FINANCE LLC, | |
| Defendants. | |

The court has been asked, in this adversary proceeding, to decide disputes between the Plaintiffs/Debtors and secured creditor Countrywide Home Loans, Inc. In order to do so, the court must review the issues through the lens of both the administrative file, as well as this discrete adversary proceeding.

## THE PROPERTY

The real property involved in this adversary proceeding is located at 10510 E. Escalante, Tucson, Arizona. Countrywide has a first lien against that property, secured by a deed

of trust. A proof of claim (no. 8) was filed on behalf of Countrywide in the sum of $629,008.80 (Claims Register).

## THE CONFIRMED CHAPTER 13 PLAN

The Debtors filed their Chapter 13 case on November 19, 2008. The Amended Chapter 13 Plan is a 60-month plan, with the first payment due January 3, 2009. The last payment would be made December 3, 2013. (DN 46.)

On January 13, 2010, this court confirmed the Debtors' Amended Chapter 13 Plan. (DN 71). As for the "treatment" of the real property upon which Countrywide has a lien, the Plan provides that the outcome of that dispute, in this adversary proceeding, will be dispositive. Moreover, the Plan provides that "regardless of [the Countrywide] outcome," the Plan can still be performed.

In order to understand what the dispute is about, the court reviewed the Amended Chapter 13 Plan, filed March 20, 2009 (DN 46). That Plan is the latest, and last, version appearing in the file.

Countrywide filed an objection thereto on May 4, 2009 (DN 52).

Countrywide's treatment, as noted in the Amended Plan, is to "modify [Countywide's] primary mortgage through 10/2034," with a five year balloon payment, all due when the Plan term ends (DN 46). The balloon payment would thus be made in December, 2013.

Thus, it appears that all confirmation issues, concerning Countrywide's treatment under the Debtors' Chapter 13 Plan, have been transferred to the adversary proceeding for decision.

## THE ADVERSARY PROCEEDING

On December 16, 2008, the Debtors sued Countrywide (and others). The substance of the Complaint sought essentially two things from Countrywide:

1.    To cram down Debtors' plan to allow non-debtor third parties to live in the real property and pay Countrywide on a re-amortized schedule (with a balloon payment at the end of the Plan), and

2.    To value Countrywide's secured claim at $512,638.07.

Countrywide filed an Answer (DN 31) which admitted six of the 15 paragraphs of the Complaint, and generally denied the remaining nine paragraphs.  Thus, the issues were properly framed.

On September 1, 2009, the Plaintiffs filed a "Motion for More Definite Statement" against Countrywide seeking illumination as to its denials (DN 36).

On March 1, 2010, this court set the matter for trial on April 27, 2010.  The parties agreed that the relevant issues would be legal in nature, and that the court could treat the matter as one for summary judgment (DN 41).

On April 26, 2010, the day before the trial/argument, the Plaintiffs filed a flurry of pleadings designed to avoid hearing the matter on the merits, including:

1.    Motion for judgment on the pleadings;

2.    Motion to strike answer;

3.    Motion to disallow defenses;

4.    Entry (or reinstatement) of default against Countrywide; and

5.    Sanctions (by way of default judgment) for failure to respond to their motion for more definite statement;

(DN 43, 44, 45.)

Before addressing the substantive merits of whether Debtors can confirm their Plan against Countrywide, the court must decide each of the pre-hearing motions noted above.

## 1.  Judgment on the Pleadings

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed but within such time as to not delay the trial."  FED. R. CIV. P. 12(c).  Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no

material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*., 896 F.2d 1542, 1550 (9th Cir. 1990). For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir.1984). Thus, a motion for judgment on the pleadings is proper under the rules only when all material facts have been admitted. Here, Countrywide has denied nine critical paragraphs of Plaintiff's Complaint. Therefore, the issues being framed by the Complaint and Answer, the burden is upon the Plaintiffs to prove their case by a preponderance of the evidence.

The motion is DENIED.

## 2. Strike Answer

A motion to strike for an insufficient defense or to eliminate immaterial, impertinent or scandalous matters must be made within 21 days after being served with the pleading which is sought to be stricken. FED. R. BANKR. P. 12(f)(2).

Here, the Answer was filed on May 5, 2009 (DN 31). It reflects service by mail upon Plaintiffs' counsel on the same day.

Plaintiffs' motion to strike was filed April 26, 2010, one day before trial and almost one year after the Answer was filed (DN 43). The motion comes too late.

The motion to strike the answer is DENIED.

## 3. Motion to Disallow Defenses

The Defendant, Countrywide, denied those allegations of Plaintiffs' Complaint with which it did not agree (DN 44). General denials are allowed by the rules. FED. R. BANKR. P. 7008, incorporating FED. R. CIV. P. 8 (b)(3). This puts Plaintiffs to their proof. Again, this motion was filed too late, one day before trial, denying Countrywide a fair chance to respond.

This motion is DENIED.

## 4.  Motion to Enter Default (or Again Enter Default)

This court set aside a prior default against Countrywide on April 2, 2009 (DN 23), over one year ago.  Countrywide then answered (DN 31).  That Answer was filed on May 5, 2009.

Once a party has answered, the issues concerning a prior (and set aside) default are moot.  The court was given no appropriate authority as to how it has the power, under the rules, to simply default an <u>answering</u> party.  Plaintiffs suggest that the court can do so under FED. R. CIV. P. 59 and 60.  However, these motions are time-barred.  Rule 59(e) is required to be filed within 28 days after the order complained of.  *See* FED. R. BANKR. P. 9023, incorporating FED. R. CIV. P. 59).  Here, the order setting aside the default was entered on April 2, 2009 (DN 23), almost 13 months ago.

Similarly, a Rule 60 motion must be made either within one year, or within a "reasonable time" for "any other reason justifying relief."  FED. R. CIV. P. 60(c), incorporated by FED. R. BANKR. P. 9024.

Filing such motion one day before trial, and outside the one-year period, is not reasonable.

The motion is DENIED.

## 5.  Sanctions (or Default) for Failure to
## Respond to Motion for More Definite Statement

These types of motions are governed by FED. R. CIV. P. 12(e), incorporated by FED. R. BANKR. P. 7012.  However, they are simply inapplicable to <u>answers</u>.  This is because no response is required to be filed to a party's answer.  *Id.*  Thus, since Plaintiffs were not required to respond to Countrywide's Answer, they cannot seek a "more definite statement" from Countrywide.  The pleadings stage ended.  Thereafter, the parties flesh out uncertainty through the discovery process.

This motion is DENIED.

## THE MERITS OF DEBTORS' CHAPTER 13 PLAN

The Debtors' Plan, in order to be confirmed, must satisfy each of the elements of 11 U.S.C. § 1325(a). In this case, the critical issue, identified by the parties at the April 27, 2010 hearing, is feasibility. § 1325(a)(6).

That provision requires a debtor "to make all payments under the plan." In this case, the Debtors have transferred the real property to their grown daughter and her husband, who are supposed to make all the ongoing monthly payments, and at the end of the 60-month plan they must pay off the entire balance.

As noted above, the value of the real property is alleged to be approximately $512,638.07. But the debt to Countrywide is $629,008.80. But the court has not valued the property pursuant to a § 506 motion. The proof submitted by the Debtors does not state <u>how</u> the balloon payment will be made. The pleadings before the court note, vaguely, that the balloon payment will possibly be made by "sale or refinance." However, no specifics were offered. Even the affidavit of the son-in-law, Von Ranel Cox, Sr., signed on April 23, 2010, is silent on that critical point. Thus, it is unknown as to whether the "refinance or sale," only three years in the future, stands a realistic chance of coming to pass.

The Debtors presented no testimony in support of their plan, other than the declaration of their son-in-law, Mr. Cox. He opined only that he and his family were living in the real property, and making monthly payments thereon.

However, the critical part of the Debtors' plan is to prove its feasibility. The Plan contemplates only a refinancing or sale at the end of the Plan's term. No person testified that such financing was available; whether a commitment has been made by a lender; whether the Debtors would be perceived to be creditworthy; that the current Arizona real estate depression would improve; and that refinancing would be easy to accomplish for an approximate $500,000 loan.

6

In addition, refinancing this particular property, if it is contended that Mr. Cox is to do so, is rendered even more problematic due to Mr. Cox's financial difficulties over the years. The Trustee pointed out, and this court's records reveal, that the Cox family has filed for bankruptcy relief on numerous occasions:

| Filed | Case | Chapter | Disposition |
|-------|------|---------|-------------|
| 07/08/1996 | 96-2133-LO | 7 | 11/12/1996 discharged |
| 09/07/2000 | 00-3396-JMM | 13/7 | 03/13/2002 dismissed |
| 09/20/2002 | 02-4639-JMM | 13 | 10/09/2002 dismissed |
| 05/15/2002 | 02-2312-JMM | 13 | 06/14/2002 plan confirmed |
| 10/06/2008 | 08-13675-EWH | 7 | 04/09/2009 discharged |

With this type of financial history, it may be more difficult for the Cox family to obtain loans. No evidence was offered to show how this fact might be overcome.

All considered, the probability of a future sale or refinance, to make the balloon payment three short years from now, was not adequately addressed. Therefore, the Debtors failed to meet their evidentiary burden, found in 11 U.S.C. § 1325(a)(6), to prove the Plan's feasibility as it concerns Countrywide. *See In re Ho*, 274 B.R. 867, 883 (9th Cir. BAP 2002) (debtor has the burden of proof on all essential elements for confirmation, including that the plan complies with the provisions of chapter 13); *In re Gavia,* 24 B.R. 573, 574 (9th Cir. BAP 1982).

The Debtors have offered the court no fact by which the court could conclude that refinancing or sale, by either the Debtors or the current non-debtor occupants, is probable. Thus, the plan's provisions are speculative. Bankruptcy courts cannot confirm speculative plans. *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 787 F.2d 1352, 1364 (9th Cir. 1986) (chapter 11). The Debtors therefore failed to carry their burden of proof, and cannot confirm the Amended Plan, at least as far as it affects Countrywide.

Because the plan is speculative, and cannot be confirmed on that basis, it is unnecessary to decide the other issues raised by the parties.

## **RULING**

The Debtors' Amended Chapter 13 Plan may not be confirmed as to creditor Countrywide. The balance of the Debtor's plan, as confirmed and entered on the administrative docket on January 13, 2010 (DN 71) is ratified.

A separate judgment will be entered, denying judgment relief to the Plaintiffs under their Complaint and dismissing the adversary proceeding, with prejudice.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification
Center ("BNC") to all parties to this adversary proceeding